UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO:

NICHOLAS DWYER, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

ISIS LOGISTICS, LLC., a Florida Limited Liability Company (dba)I-LOG, LLC., ROBERT HELBING, individually, NANCY HELBING, individually and CHRISTOPHER HELBING, individually

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Nicholas Dwyer, ("Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against ISIS LOGISTICS, LLC. a Florida Limited Liability Company (dba) I-LOG, LLC ("ILOG" or "Defendant") ROBERT HELBING, ("RH" or "Defendant") NANCY HELBING,("NH" or "Defendant") and CHRISTOPHER HELBING,("CH" or "Defendant")(collectively, "Defendants") as joint employers, for unpaid overtime compensation and hereby states as follows:

# NATURE OF THE ACTION

1. Plaintiff, NICHOLAS DWYER ("Plaintiff") alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis and reasonable attorneys' fees and costs.

2. Plaintiff seeks class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendants' common and illegal pay practices and policies of failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek.

3. Plaintiff seeks conditional certification of the following class:

> All drivers and drivers' helpers who worked for Defendants during the relevant limitations period who were not paid full and proper overtime compensation for hours worked over forty (40) per workweek.

## THE PARTIES

4. At all times material hereto, Plaintiff, was and continues to be a resident of Gadsden County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

5. Plaintiff is an adult resident of Florida and was employed by Defendants as a delivery driver from August 2018, through June 21, 2022.

6. Plaintiff consents in writing to become the named Plaintiff party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto as ***Exhibit A.***

7. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

8. At all times material hereto, Defendant, ILOG, was conducting business in Midland, Florida, with its principal place of business in that city.

9. At all times material hereto, Defendant, RH, was conducting business in Midland, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendant, NH, was conducting business in Midland, Florida, with its principal place of business in that city.

11. At all times material hereto, Defendant, CH, was conducting business in Midland, Florida, with its principal place of business in that city.

12. At all times material hereto, Defendants, ILOG, RH, NH, and CH were

the joint employers of Plaintiff and the purported class members he seeks to represent.

13. At all times material hereto, Defendants were and continue to be joint "employer[s]" within the meaning of the FLSA.

14. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members his/their lawfully earned overtime wages in conformance with the FLSA.

15. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

18. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

19. Upon information and belief, at all relevant times herein, Defendants used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

20. Upon information and belief, at all relevant times, defendants have

constituted an "enterprise" as defined in the FLSA.

21. Upon information and belief, Defendants, RH, NH and CH, was and are the owners and operators of "ILOG" during the last three (3) years and regularly engaged in, among others, the following activities: (a) ran the day-to-day operations of "ILOG"; (b) responsible for determining the schedules and hours worked by Plaintiff and other similarly situated class members; (c) determines the rates of pay to be given to Plaintiff and other similarly situated class members; (d) hiring and firing of all employees of "ILOG"; and (e) determining the course and scope of work assigned to Plaintiff and other similarly situated class members.

22. Defendants, RH, NH and CH were involved in the day-to-day operations of Defendant ILOG and played active roles in managing the business.

23. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

24. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

25. Venue in the Northern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this District and is

thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

26. At all times pertinent to this Complaint, Defendant, ILOG either individually, or jointly, was an enterprise engaged in interstate commerce.

27. At all times pertinent to this Complaint, Defendants, Defendants, RH, NH and CH either individually, or jointly, were an enterprise engaged in interstate commerce.

28. At all times pertinent to this Complaint, Defendant ILOG regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

29. At all times pertinent to this Complaint, Defendants, RH, NH and CH regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

30. Defendants operate a logistics business and among other activities, provides trucks and/or drivers to deliver goods.

31. Plaintiff's work, and the work of the purported class members, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in

interstate commerce.

32. Based upon information and belief, the gross revenue of Defendants, individually and/or jointly, was in excess of $500,000.00 per annum during all times relevant.

33. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

34. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Northern District of Florida.

35. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida; and

    b. Defendants were and continue to be a Florida company and individuals doing business within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

36. Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> **All drivers and drivers' helpers/assistants who are or were formerly employed by Defendants in Florida at**

**any time since July 2019, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").**

37.  The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendants as drivers and drivers' helpers/assistants and were denied premium overtime pay for hours worked beyond forty (40) hours in any given workweek.

38.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

39.  Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

40.  The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

41.  At all relevant times herein, defendants owned/owns and operated/operate a logistics business and among other activities, provides trucks and/or drivers to deliver goods throughout Florida, with a corporate officed located in Midway, Florida.

42. To that end, Defendants hold themselves out to the public as follows *via* their website:

> "First and Final Mile Delivery, specializing in two men lift gate deliveries. Our services range from unattended delivery to through the threshold to full white glove and assembly. Service areas include Tallahassee, FL, Valdosta, GA, Dothan, AL, Panama City, FL, Santa Rosa, FL, Albany, GA and all points in between. We service the following Zip Code Prefixes: 323xx, 324xx, 316xx, 317xx, 363xx, 398xx. Our Company Goal, we strive to provide you with a timely and efficient delivery experience. We know that the product you have ordered is of value to you and we want to present the same value in your delivery experience."

*See* website page attached as ***Exhibit B.***

43. Defendants contracted "last mile" delivery accounts with companies, such as, but not limited to, Ryder, Nonstopdelivery, Versa Logistics, Estes Final Mile, Progistics and Wayfair. *See* attached as ***Exhibit C***.

44. Last mile delivery refers to the very last step of the delivery process when a parcel is moved from a transportation hub to its final destination—which, usually, is a personal residence or retail store.

45. Plaintiff and the Collective Actions Members' primary duties were to deliver items purchased from retailers, such as Home Depot, Wayfair, Amazon, Dollar General and IKEA, to the customers and/or company who purchased said items as well as pick-pick/return items.

46. Plaintiff and the Collective Actions Members were employed as drivers and drivers' helpers as "last-mile" delivery employees for Defendants.

47. Each morning, Plaintiff and the Collective Actions Members would report to a warehouse owned and operated by Defendant ILOG, located at 495 Fortune Blvd, Midway, Florida, where they would receive a manifest which included, daily work instructions, daily time schedule for each delivery and/or return pick-up, as well as the "job type" for each delivery. *See* Manifest attached as **Exhibit D.**

48. Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants and did not involve executive or administrative responsibilities.

49. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

50. Plaintiff worked regular schedules of five twelve-hour days per week, for a total of at least 60 hours per week each week of his employment.

51. As a result, Plaintiff worked at least sixty (60) hours or more during his employment with Defendants.

52. Defendants did not provide a time clock for these employees to track their time worked.

53. Plaintiff was paid "commission" throughout his employment with Defendants with no explanation as to how his "commission" was calculated.

54. Plaintiff and other the Collective class members worked on a detailed schedule and were unable to take an "uninterrupted" meal break in order to complete scheduled deliveries.

55. Plaintiff and other similarly situated employees' meal break activities-which totaled between 1.5 and 5 hours during a typical workweek, predominately benefited Defendants.

56. Because Plaintiff and other the class members were/are full-time employees and often worked at least forty (40) hours per workweek-most of the uncompensated meal break would constitute overtime work under the FLSA.

57. By failing to pay Plaintiff and other the class members for all overtime hours worked, Defendants acted willfully and with reckless disregard of clear applicable FLSA provisions.

58. Defendants failed to pay Plaintiff any overtime for hours worked beyond 40 hours in a workweek, in violation of the FLSA.

59. Defendants' failure to pay Plaintiff overtime for overtime hours worked was willful and lacked a good faith basis.

60. Upon information and belief, throughout the period of plaintiff's employment and continuing until today, defendants have likewise employed other

individuals like Plaintiff and the Collective Action Members in positions at defendants' logistics business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

61. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

62. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA.

63. Upon information and belief, these other individuals were not permitted to take meal breaks, which benefited Defendants.

64. Upon information and belief, while defendants employed Plaintiff and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees and failed to post or keep posted notices explaining overtime pay rights provided by the FLSA.

## COUNT I

(Fair Labor Standards Act - Overtime)

65. Plaintiff, on behalf of himself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, defendants employed Plaintiff, and each of the Collective Action Members within the meaning of the FLSA.

67. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

68. As a result of defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

70. Due to defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Collective Action Members, respectfully requests judgement against Defendants and prays that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Find that Defendants' violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

e. Award Plaintiff and all Collective Action Members unpaid overtime compensation;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

  g. An award of prejudgment and post judgment interest;

  h. An award of costs and expenses of this action together with reasonable attorneys' fees; and

  i. Such other, further, and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 7th day of July 2022

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*